STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of }
  Daniels, et al. }          Docket No. 58-4-99 Vtec
                 }
                 }
                 }

Decision and Order on Motion to Dismiss and for Summary Judgment

Appellants Robert V. Daniels, Alice M. Daniels, Walter Danco, Helene Danco, George S. Colpitts, Jr., Denise H. Colpitts, Michael Agusta and Diana Agusta appealed from a decision of the Zoning Board of Adjustment (ZBA) of the City of Burlington regarding the property at 421-427 Main Street. Appellants are represented by Paul S. Gillies, Esq.; Appellees Chris Khamni and Holly Zanes are represented by Michael T. Russell, Esq.; the City is represented by Kimberlee J. Sturtevant, Esq.; another neighboring landowner, Marcel Beaudin, has appeared and represents himself, but has not participated in the telephone conferences or in briefing the motions. Appellees have moved to dismiss for lack of Appellants' standing and both Appellants and Appellees have filed cross-motions for summary judgment.

Motion to Dismiss

A group of ten appellants originally filed this appeal; Appellees' motion states that the group had standing under 24 V.S.A. §4464(b)(4). After two appellants had withdrawn, Appellees moved to dismiss the remaining appellants for lack of standing under §4464(b)(3).

Appellees' property is located on the northwest corner of a block bounded by Main Street, South Prospect Street, Maple Street and Summit Street, on the corner of Summit Street and Main Street. Appellants' four homes are located on each of the four sides of that block. The Colpitts home fronts on Main Street, the Daniels home fronts on South Prospect Street, the Agusta home fronts on Maple Street and the Danco home fronts on Summit Street. One other property on the block is a single-family residence; three are

1

duplexes; the remainder are multiple units, including a college dormitory building. The fact that other properties within the block are multiple units may affect the determination on the merits of whether Appellees' property would have an adverse effect on the character of the neighborhood, but it does not affect whether Appellants qualify for standing. All the Appellants are within the "immediate neighborhood" of Appellees' property, that is, they could potentially be affected by aspects of Appellees' property regulated by the City's zoning ordinance, such as parking, density and noise. See, In re Appeal of Brodhead, Docket No. 95-057 (Vt. Envtl. Ct., Aug. 3, 1995). Appellees' Motion to Dismiss for Lack of Standing is DENIED.

Motions for Summary Judgment

Appellees' property consists of a single residential building, with an attached garage and carport, on a 9721, 9797 or 9,826[1] square-foot corner lot. The building was constructed in 1960 and was in use as a duplex prior to the adoption of the City's Zoning Ordinance in 1973, which placed the property in the Low-Density Residential (RL) zoning district. Each unit occupied both floors on the east or the west side of the building, and each unit had an interior staircase.

Under the Zoning Ordinance, single-family residential uses are a permitted use in the RL zoning district. Duplexes may be constructed, or single-family uses may be converted to duplex use, upon approval as a conditional use by the ZBA on lots meeting two requirements: that the lot have been in existence prior to the adoption of the 1973 zoning ordinance, and that the lot contain at least 9,900 square feet. §5.1.5, and Table 5-A,

---

[1] A fact is in dispute as to the exact square footage of the property. However, the parties do not disagree that the property is smaller than 9,900 square feet, which is the material fact for the purposes of the summary judgment motions. Any resolution of this matter through Appellees' acquisition of an approximately 12¼-inch-wide strip of land from their southerly neighbor is beyond the scope of this litigation!

2

note 14. Thus, Appellees' property became a pre-existing use that was nonconforming as to lot size for use as a duplex but not as to lot size for use as a single-family residence in an existing building. The building was also nonconforming as to lot coverage. The former duplex use became a nonconforming use in 1973 due to the fact that it failed to comply with the minimum lot size for a duplex use. See In re Appeal of Miserocchi, Docket No. 99-166 (Vt. Supreme Ct., Jan. 28, 2000, as amended April 25, 2000). Pre-existing and nonconforming uses were authorized to continue, "subject to maintaining the character and extent of operations and structures" existing in 1973.

Section 5.1.8 provides that any changes (including a change of use from single-family to duplex) to such a preexisting or nonconforming use, which do not otherwise conform to all provisions of the Zoning Ordinance, require conditional use approval from the ZBA plus the finding required by §20.1.6 that the new use be "less harmful or detrimental to the neighborhood" than the existing use.

Until 1993, Appellees' property continued in use as a pre-existing duplex, nonconforming as to lot size and lot coverage. It was owned by Harriet Howard throughout the period from 1993 through 1998.

In July of 1993, Virginia Gillian Randall applied for a permit to the ZBA to conduct her photography business as a home occupation from the building. She intended to make no structural changes to the main building, but to make various improvements, including to add a nine-foot extension on the rear of the garage and carport to convert it to studio space. Her application for home occupation listed the owner as Harriet Howard, c/o Robert Webb, Old Concord Rd., Lincoln, MA 01773, but was signed by Ms. Randall. Ms. Randall had entered into a lease/purchase agreement with Mr. Webb, who is described in the lease and in the narrative attached to the application as having a Power of Attorney for Harriet Howard. One of the witnesses to that agreement was a Marge Gaskins, a real estate agent in Burlington.

The application narrative described the building as an existing duplex, of which Ms. Randall planned to use "part of the smaller apartment for business and occupy the rest of the home with [her] family." The narrative described in detail her proposed uses of each of the rooms in the building and garage. The ZBA held its hearing and granted her home

occupation approval on August 9, 1993 (although the written decision was dated August 23, 1993), subject to five conditions, of which Condition 2 required her to obtain required zoning permits to make the improvements involving the extension of the structure, and Condition 3 required her to "obtain a zoning permit to convert the existing duplex structure into a single family dwelling, prior to operation of the home occupation." No appeal was taken of that decision, and it became final.

On October 14, 1994, Ms. Randall applied for a zoning permit to construct the extensions. The application did not specifically also request a change-of-use approval from duplex to single family, but it did list the existing uses as "Office" and "Residential-Duplex," and listed the proposed uses as "Office" and "Residential-Single Family." This application listed Ms. Randall's address as 421 Main Street and listed the owner as Harriet Howard c/o Marge Gaskins. This application was acted on and the Zoning Permit/Certificate of Appropriateness was issued by the Zoning Administrator and the Planning Director on October 27, 1994. It describes the project as to "convert existing garage and carport to studio space as a home occupation (photography) for the existing single family home, listed on the state list of historic buildings." No appeal was taken of that decision, and it became final.

The City Assessor changed the property's use designation for tax purposes from a duplex to a single family residence in 1994.

Ms. Randall occupied the building as a residence from some time in 1993, 94 or 95 until some time in 1998, when she left without exercising her option to purchase. Ms. Randall performed the renovations and used the renovated studio for her home occupation from some time in 1995 until moving out in 1998. However, the motions for summary judgment must be denied because material facts are in dispute as to when the building was last occupied as a duplex prior to Ms. Randall's moving in, as to when she moved in and whether she began using it as a single-family residence, as to when she began the home occupation use, as to when she moved out, and as to what use was made of the building between that time and the date of the Zoning Administrator's ruling that the building was a single-family use. Section 20.1.6(d) provides that a nonconforming use "shall not be re-established if such use has been discontinued <u>for any reason</u>" for a period

4

of one year.  (Emphasis added.)

Appellees argue that no permit was ever obtained to convert the duplex to single family use; that the true agent of the owner, Mr. Webb, never received notice of the 1994 application or authorized its filing;[2] and that the property remained a duplex for the purposes of §20.1.6(d) if no permit was ever issued for its conversion to single-family use, even if it was in fact used as a single-family use.  Material facts are in dispute at least as to the agency of Mr. Webb and Ms. Gaskins vis-à-vis the then-owner Ms. Howard, and as to whether the 1994 permit as issued addressed the conversion of the property to single-family use.  However, the Court may not reach questions depending on those disputed facts if it can be shown that the former duplex use was discontinued for any reason for a period of more than one year.

In response to an inquiry from Ms. Gaskins, on January 11, 1999 an Associate Planner on behalf of the Department of Planning and Zoning stated the Department's position that the property had been converted to a single-family residence, with or without a home occupation.  Mr. Webb appealed the decision to the ZBA, and requested that the determination be set aside, or, in the alternative, applied for a variance to return the building to its former duplex use.  The ZBA granted the appeal, found that the property "was never formally converted from a residential duplex into a residential single family dwelling."  Without any apparent notice to Ms. Randall, without issuing a notice of violation or instituting a violation action under §19.1.9, and without any apparent authority in the Zoning Ordinance for revocation of a previously-issued permit, the ZBA found that the home occupation had therefore been in violation, "revoked" the home occupation for that

---

[2]  These issues may support a superior court action as among some or all of the following parties: Ms. Howard (by Mr. Webb), Ms. Gaskins, Ms. Randall, and Appellees, for recission or damages related to the various real estate transactions and permit application filings, but they would not necessarily be addressed in the present Environmental Court appeal if it can be resolved under §20.1.6(d).

reason, and stated that the property "reverts back to the previous use, a residential duplex." The ZBA did not rule on the variance request, as it had been stated as an alternative to the relief it did grant. Appellants brought this appeal; Appellees did not cross-appeal, and therefore the request for a variance is not within the scope of this appeal.

Accordingly, based on the foregoing, summary judgment is GRANTED in PART in favor of Appellants, on the issue that the former duplex use became a nonconforming use in 1973 due to the fact that it then failed to comply with the minimum lot size for a duplex use. Otherwise, both Appellants' and Appellees' Motions for Summary Judgment are DENIED as material facts are in dispute. We will hold a telephone conference with Attorneys Gillies, Bennett and Sturtevant on September 22, 2000, to determine if they wish to supplement their summary judgment materials, if Appellees wish to renew the variance request, if Appellants wish to amend their statement of questions, if the City wishes to institute any enforcement action, or whether the matter should be set for a merits hearing on the remaining issues in the present appeal.

Done at Barre, Vermont, this 12th day of September, 2000.

_____
                    Merideth Wright
                    Environmental Judge